Maribel Lebron v. Commonwealth of Puerto Rico. Good morning honorable court. This is the court Carlos Rodriguez Garcia on behalf of Applin, Maribel Lebron and his minor son. The owner of this case was filed before the District Court of Puerto Rico in ADA section 504 of the Rehabilitation Act, also section 1981 and 1983, 1988 title 6 of the Civil Rights Act. On May 2012 the police filed a motion to dismiss in regards to the IDEA issue of the case. In that motion defendants and the causes of actions that were brought under ADA section 504 and the rest of the federal statutes that were brought before. A review of the complaint of the case which is appendix 3 of the brief, Applin's brief, you will see that the complaint is comprised of around 102 paragraphs of allegations of paragraphs 44 to 92, specifically from 74 to 92. They are independent and self-standing avertments or allegations in regards to ADA section 504 and the rest of the federal statutes which are independent of the allegations made before those paragraphs in regards to IDEA. Let me ask about your general impunity of damages that you're not seeking reimbursement at this point. Yes, we on June 20 and afterwards April 30 and also on June 14, 2013, the court resolved the issues in regard to IDEA. So that's, if we put that aside, the issue of this case is if the court, the district court, lower court, when it dismissed all the causes of actions against the Commonwealth, that it did so with significant findings of fact in regards to the complaint. But stay with me for a second, because I understand you want general impunity of damages, that's what you're down to looking for. That's correct. And as I read the complaint, unless I'm missing something, you're alleging negligent conduct by the Commonwealth. Not any negligent. Intentional? Well, show me where am I missing, where in the complaint are you alleging that the Commonwealth engaged in intentional wrongdoing? Specifically from paragraph 44 to 92 of the complaint. Let me see. I believe it starts, in regards to the Commonwealth, it starts on paragraph 74 to 92 of the complaint, appendix 3 of the brief. Now in regards to, and it's very significant to note, that not only was the issue of section 504 not present before the district court when it was resolving the issue of the motion to dismiss that was filed in May 2012, but also that the court, when it issued the order that I saw on docket 28, it's appendix 1 of the brief, did not make any specific findings that the complaint either brought up allegations that were overlapping with idea or were a mirror of idea complaints. That would basically warrant the dismissal of the case, but that's what we are not, we are alleging that the paragraph 44 to 92 specifically make allegations that do not mirror and are not similar to the idea claims made in the complaint. Therefore, we have to then review this case in regards to the theories that have been posted by this court in the cases of Nieves-Marquez, Ortega-Bibb, Salles v. Commonwealth, Diaz-Fonseca, which is a recent case, 2006, Ramirez-Seda v. Puerto Rico, and the latest, which is Elizabeth B. Esposito. Counsel, could you just give a flavor of what one of the claims is that's not idea-based? Just pick any one, just flesh out a little bit. One of the basic complaints against the Commonwealth was that she went to the Department of Education to complain about the segregation of his son. He's an autistic, he has Asperger's, he has a diagnosis of Asperger's syndrome, so he has to have a special diet. That diet was brought to the school by his mother and was, you know, provided to him by his mother. Second, she was not allowed to, at some point in time after she complained, she was told by one Miss Melendez that they could not file an administrative complaint against the school because it was a private school, although the private school received federal funds. So that's why we bring up ADA or ADA in Section 504, because even though it was the events that we proffer in the complaint, they do not mix with the educational part. These are medical, she had to medically go there and give his son a specific diet, a gluten-free diet. And what's the theory of what the Commonwealth did wrong under the ADA? The omission, let's see. Deliberate, let me see, I have the elements over here. We allege intentional discrimination by the Department of Education, the Commonwealth, discriminatory animals, which is part of the elements that we have to identify intent by the department. Not the conclusions. I think the question isn't asking for your conclusion or characterization of the events. We're having trouble understanding specifically, factually, what the department did, specifically what facts showed that the department intentionally discriminated on account of a disability. That's the facts. Which agents of the Commonwealth are responsible for this? Well, the Commonwealth has to supervise. The Commonwealth or the Department of Education is an agency, a state agency under the federal grants. So they have to supervise the institutions to which they give the grant money. And one of the things that we bring forth in the complaint is that the Commonwealth did not supervise. When they received a complaint, a verbal complaint, a visit by my client complaining about the situation in the school, not regarding the education process, not regarding the EIP or the faculty, but I mean the medical part of the familiar type of discrimination. And they did not do nothing. They did not file a complaint against the school. They did not, you know, they did not hold over the license of the school. They kept on granting money to them. And my client complained about that the next academic year the school did not allow him to register. He was banned from the school. You say that they told your client that they couldn't do anything against that school because it was a private school. It's a private school receiving federal funds from a state agency. Do you have any evidence that the person who told you that, who told your client that, didn't believe that? In other words, were trying to, that it was intentional as opposed to negligent supervision? Well, at this point, you have to recall, Your Honor, that this case was resolved even before discovery was completed. I'm asking about your allegations so you get to write the facts. Yes, there are allegations here in Paragraph 72. Paragraph 79. Co-defendants' education participated in this debate by not granting plaintiff the opportunity to file an administrative charge based on wrong opinion that it was a private institution, therefore the Department of Education did not have jurisdiction to file an administrative complaint. It is they themselves granted this private institution federal funds. As a matter of fact. We're going to assume, we're looking at this, let's assume you're right on the institution. So in which case they would be wrong, as you allege. But what have you given us to say that other than that they were acting intentionally in any way that would give you general or punitive damages? Well, again, besides the allegations in the complaint, like the averments, the fact is that this case did not go to. I don't mean besides. I mean, we have to look at the complaint and we have to read it broadly and we need to give you the benefit of inferences. But I'm asking you if you can help us point to anything in the complaint that sheds any more light. It's like there's no statement who from the department said what, that they believed that they were different or that there was some reason they must have known. Well, I mean, she went to the complaint, the Department of Education should have known or didn't know that she was trying to file a complaint. Yeah, but you see the difference. There's a lot of difference there between should have known or didn't know. And does anything in the complaint tell us which it is? Well, she did go to the Department of Education and met with Ms. Melendez. Maria Melendez, I believe, was her name. And she complained about all the situation in regards to her son. Now, Ms. Melendez is not a secretary. Ms. Melendez is a sub-director of the special education program for that time. And the argument is that that suffices to show intentional discrimination under the ADA. Of course, and there are the allegations of the complaint, the four allegations, paragraph 81, 83, 82, and so on. And, again, you have to recall that this case we didn't have the opportunity to either post the Department of Education officials nor bring forth the documentary evidence that could sustain, further sustain, or even sustain an amended complaint in regards to these allegations, these original allegations. If these people that your client went and spoke to were enforcing and supervising and sanctioning and investigating students in public schools, but they then said to private school, why would we infer from that that they were discriminating against your client because of the disability? In other words, if they're attending to disability problems but saying we can't do it here, why wouldn't we just conclude that they were mistaken or wrong or some reason about that? To be honest, Your Honor, at this point in time, I don't have a smoking gun in regards to that. All I have is information that was drafted into the complaint based on the allegations made by the mother, by Maribel Lebron. Now, we were, at the time that this process of actions were dismissed by the lower court, we were in the process of discovery. The Department of Education had requested us some documents, and we were in the process of providing discovery to them and then from them to us. As a matter of fact, there was a small dispute in regards to the requirement of admissions that we made to the Department. And there was a small dispute in regards to that. So to further strengthen the allegations of the complaint, I had to require discovery in the case. That's why I'm trying to compel or to relate to the court that this case was originally dismissed at a very, very, very early stage of the case. And the reasons given by the court. Yes, the problem we have is that Iqbal Tromley plausibility standard. We're trying to figure out what makes a claim of discrimination more plausible than a claim of bureaucratic incompetency. Well, that's the part that, again, we have to, you know, further discover, further go into in order to be able to possibly amend the complaints or the complaint to further strengthen the case. Now, what we have is also, for example, I'll give you an example. There should be some kind of memorandum, some kind of document whereby the meeting that was held by Ms. Maribel Lebron and Ms. Maria Melendez should have been recorded. Something had to be done in regards to the paperwork of the Department of Education in regards to that complaint, in regards to the private school. With that, we submit the case. May it please the court, Margarita Mercado-Chagaray on behalf of Apellis, the Commonwealth of Puerto Rico, and the Department of Education of the Commonwealth of Puerto Rico. I would like to begin by clarifying a statement made by broader counsel regarding his case. It states that the court's request of all causes of action was not properly before the court when the court actually dismissed all the allegations against the Commonwealth. I would like to draw this court's attention to Docket 15, which is the Commonwealth's motion to dismiss, in which the dismissal was requested of all the causes of action, including the ADA rehabilitation. Any cause of action under federal law where compensatory damages or punitive damages were requested, and it was specifically stated that those remedies were preempted or precluded by the remedial scheme in IDEA. So the issue was properly before the court, and given the allegations in the complaint that they don't establish a claim aside from an IDEA claim for denial of free and appropriate education, the court properly dismissed the case. I would like to stress that in his argument before this court, plaintiff's counsel basically admitted that his complaint was defective, that further discovery was needed. That shows that the complaint was properly dismissed. The allegations of the complaint that he signaled to the court, specifically from Paragraph 74 to Paragraph 91, showed that those are conclusory legal allegations regarding the causes of actions under the ADA or the Rehabilitation Act, but there's no factual content stating that the Commonwealth engaged in intentional discrimination. The whole of the complaint states that the child was allegedly not given free and appropriate education, and that's an IDEA claim that's precluded under the case law of the circuit by Declaration de la Esfonsega, so counsel cannot request an appeal to amend the complaint to further discovery, to cure the deficiencies of his complaint. That doesn't state a claim against the Commonwealth. This child was placed unilaterally by his parents in the private school. The school was not supervised by the Commonwealth because the parents decided to place the child in that school, so the Commonwealth had no oversight or no responsibility towards that child. The fact that the Commonwealth receives federal assistance money for special education does not bring a proper claim when a child is placed by his parents in a private school. The allegations in the complaint show that allegedly discrimination was suffered by the child on the hands of the private school. There's no allegation that a Commonwealth officer and a member of the agency of the Department of Education engaged in any intentional discrimination or was even aware. This happened, the allegations found in the complaint include three years. It was not until three years later that those alleged occurrences took place that the plaintiff went to the Department of Education. So throughout the course of three years, the Department of Education had no knowledge, had no way of knowing what was happening with that child that was in a private school. It was in 2011 that the mother attempted to file a complaint and she was told that there was no jurisdiction over the private school because it was a private placement. So the complaint is utterly devoid of any proper allegation under any of the federal statutes that plaintiff has invoked. And the Diaz-Fonseca case is dispositive in our view, is dispositive and precludes the federal causes of action. And regarding retaliation, I would like to stress that on his brief, plaintiff appellant states that he has a retaliation claim. That claim is not included in the complaint. If this court reviews the complaint, there's no allegation of retaliation of protected conduct or retaliatory conduct by any defendant, much less the Commonwealth. So that's a claim that should not be. Could you just speak to the Commonwealth claims, which at least as pled, don't seem to be turning on a requirement of intentional discrimination? That's correct. There's no factual allegation of intentional discrimination. There are legal allegations or conclusions. On the Commonwealth claims, at least some of the Commonwealth claims as pled don't seem to state that it's necessary to show intentional discrimination. They just say act or omission under the Commonwealth. That's in those states, Commonwealth law. Yeah. Is that an accurate description of the Commonwealth law? Because they cite the general tort statutes in Puerto Rico, negligence statutes. But that's precluded under Elements Amendment. And is that the only ground that you're contending that that claim is not well pled? Yeah. That's our defense, that there's an immunity on that claim. In any event, if there was negligence on the part of the Commonwealth, it's a state law claim that should be brought in state court. So are you asking us to affirm the dismissal of those claims or affirm the dismissal of the federal claims? Of all the claims, of the state court claims, state law claims, and the federal claims. Does the Commonwealth, with respect to the public K-12 schools, function as a single school district? I'm trying to understand what the relationship is between the Department of Education at the Commonwealth level and the local schools. Well, the local schools are divided in different districts, and kids are placed by way of their residence. But private school placements are not within the control of the Department of Education, unless under the individualized plan of a specific child, it is decided that there's no appropriate public placement, and that child will go to private school, and the Department of Education will pay, will use its monies to pay for that private placement. But that's not the case in here. That placement was not authorized by the Department of Education, and therefore there's no responsibility by the Department of Education, and as I stated, there was no knowledge or possible knowledge that there were any type of problems were arising in that private placement. So the Commonwealth did not give this private school any money for this child? There's no allocation, and there's no evidence in the record that it was done. The placement was not authorized. The government had no idea. They started the procedure for public placement, and they abandoned the procedure. They didn't pursue that, and they went with the private placement. So there was no monies given to that child. I am not aware if the school in itself received monies for other children, but for this child, the government did not expend any monies for his placement. Is that relevant to the Commonwealth claims? In other words, is that a possible defense to the Commonwealth claims, or is that you're only relying on the 11th Amendment to knock out the Commonwealth claims? Yeah, it's relevant for all claims because plaintiffs are trying to bring the Commonwealth in either for discrimination or for negligence under the state law for something that the government had no control of because it was a unilateral placement. The government did not authorize that placement. So no liability may ensue when the government has no responsibility towards that child. If the child would have stayed in the public system and accepted the plans that were given to him, then it would have been our responsibility, but not in this case. So there's no liability under negligence or intentional discrimination. Was that a ground below in the district court that it was unilateral?  Yes, and then I would like to clarify that the reason that discovery ensued in this case is because the IDEA claim, reimbursement claim, was maintained by the district court. So discovery only pertained to the reimbursement claims. So it's important to have that clear because throughout the discovery proceedings, plaintiffs did not comply with discovery, but it was only for reimbursement. So that discovery could not be used to revive the federal causes of actions and the state law actions that were properly dismissed early in the proceedings. If there are no other questions, I rest on the brief. Thank you.